IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE RIVERA-ENCARNACION, :
    Petitioner, : 1:18-cv-1502
     :
v. : Hon. John E. Jones III
     :
COMMONWEALTH OF PA, *et al.*, :
    Respondents. :

# MEMORANDUM

### April 2, 2019

On July 27, 2018, Petitioner Jose Rivera-Encarnacion, also known as Angel M. Maldonado ("Petitioner")[1], filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging convictions entered in the Court of Common Pleas of Lebanon County, Pennsylvania in 2002. (Doc. 1).

Because it appeared from the face of the petition that it may be barred by the statute of limitations, in accordance with *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005 (*en banc*), the Court directed the parties to address the timeliness of the petition and any applicable statutory and/or equitable tolling of the statute of limitations. (Doc. 6). After being afforded two enlargements of time, Respondents filed a response on January 29, 2019. (Doc. 15). Petitioner did not file a reply.

---

[1] On the state court docket, he is identified as "Jose Rivera-Encanacion." (Doc. 15-3).

The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely.

I. **BACKGROUND**

On December 20, 2002, Petitioner entered into a negotiated plea agreement with the Commonwealth, in which Petitioner pled guilty to Third Degree Murder and Criminal Conspiracy to Commit Criminal Homicide. (Doc. 15-7, pp. 1, 2). He received a sentence of incarceration of a minimum of thirty years to a maximum of eighty years. (*Id.*)

Petitioner filed a timely notice of appeal on January 20, 2003, claiming that he received an inappropriate and excessive sentence. (Docs. 15-8, 15-9). The Superior Court of Pennsylvania affirmed the conviction and sentence on December 31, 2003. (Doc. 15-10). He took no further action with regard to his direct appeal.

He filed a Post Conviction Relief Act ("PCRA") petition pursuant to 42 PA. CONS. STAT. §§ 9541-46, on September 8, 2004. (Doc. 15-11). The PCRA court denied the petition on November 29, 2005. (Doc. 15-12). Petitioner pursued an appeal. (Doc. 15-13. The Superior Court affirmed the PCRA court's denial of relief on March 7, 2007, finding the issues waived based on Petitioner's failure to file a concise statement of errors complained of on appeal. (Doc. 15-18).

On November 3, 2008, Petitioner filed a second PCRA. (Doc. 15-19). The PCRA court denied the petition on December 19, 2008. (Doc. 15-20). He filed a

2

timely appeal. (Doc. 15-21). On September 8, 2010, the Superior Court affirmed the PCRA court, finding the petition "patently untimely." (Doc. 15-23).

Petitioner next filed a petition for writ of habeas corpus in the Court of Common Pleas of Lebanon County on April 15, 2013. (Doc. 15-25). The court denied the petition finding the claim he raised to be waived. (Doc. 15-24). He then filed a petition for writ of habeas corpus ad subjiciendum on April 20, 2018, in the Pennsylvania Supreme Court. (Doc. 15-26). The Supreme Court denied the petition on June 27, 2018. (Doc. 15-27).

On July 27, 2018, he filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II. **<u>DISCUSSION</u>**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner's direct appeal proceedings concluded on December 31, 2003, when the Pennsylvania Superior Court affirmed his judgment of sentence. His conviction became final ninety days later, on March 30, 2004, when his time to file a petition for writ of certiorari with the United States Supreme Court expired. The statute of limitations period commenced running as of that date and expired one year later. Hence, the present petition, filed on July 27, 2018, is patently untimely.

The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Petitioner successfully tolled the statute of limitations on September 4, 2004, when he filed a timely PCRA petition. At that point, approximately 157 days of the one year limitations period had elapsed. The statute remained tolled until his PCRA proceedings concluded on March 7, 2007. Petitioner was required to file his petition in federal court on or before October 1, 2007, 208 days after the conclusion of the PCRA proceedings. However, instead of pursuing federal relief, on November 3, 2008, after the passage of approximately 607 days, and well beyond the expiration of the AEDPA one year statute of limitations, he filed a second PCRA. Because Petitioner filed this petition well after the AEDPA statute of limitations expired, it does not operate to toll an already expired statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations

because, *inter alia*, "the limitations period had already run when it was filed"). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See Pace v. Diuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). *See also Merritt v. Blaine*, 326 F.3d at 167-68. Consequently, the petition is untimely despite the initial statutory tolling of the limitations period.

   B.   **Equitable Tolling**

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is

6

not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner failed to exercise reasonable diligence throughout the limitations period. He allowed approximately 157 days of the one year limitations period to elapse before filing his PCRA petition. After his PCRA proceedings concluded, he allowed an additional 608 days to elapse prior to seeking any relief in state court.

7

From the time his PCRA proceedings concluded until the time he filed his federal petition, 4160 days elapsed, more than eleven years.

In addition to his failure to demonstrate the exercise of reasonable diligence in bringing his federal petition, Petitioner fails to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that he was misled by the court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III. **CONCLUSION**

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

### IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

      An appropriate Order will enter.